JOHN F. KILMER, RESPONDENT, *v.* JEREMIAH O'BRIEN
AND ANOTHER, IMPLEADED, ETC., APPELLANTS.

*Appeal from a judgment entered on the report of a referee in the County Court —*
*it is not necessary to move for new trial in the County Court.*

Under the provisions of the Code of Civil Procedure an appeal will lie to the
General Term from a judgment entered upon the report of a referee, in an
action pending in a County Court, upon a case and exceptions settled by such
referee; and a prior motion for a new trial in the County Court, upon the
exceptions and the decision of the referee is no longer requisite or proper.

MOTION to dismiss an appeal from a judgment of the Orleans
County Court, entered on the report of a referee before whom the
cause was tried in the County Court. The action was brought in
the County Court to foreclose two mortgages. The ground of the
present motion was that no motion for a new trial has been made in
the County Court.

*G. F. Danforth,* for the motion.

*J. Van Voorhis,* opposed.

SMITH, J.:

In the case of *Hacker* v. *Ferrill* (66 Barb., 559), decided in this
department in April, 1873, it was held that an appeal will not lie
from a judgment entered on the report of a referee, in an action
pending in a County Court, upon a case and exceptions settled by
such referee, when it does not appear that a motion for a new trial
was made in the County Court upon the exceptions, or that the
decision of the referee on the trial, or in his report, had been
reviewed in the County Court. That decision was followed in
*Dahash* v. *Flanders* (2 N. Y. S. C. [T. & C.], 445), and in
*Murray* v. *Vanderveer* (13 N. Y. S. C. [6 Hun], 302).

When those cases were decided, it was supposed that the Code of
Procedure, which abolished writs of error and appeals in civil actions
as they had existed previously to its adoption, and which restricted
the review of a judgment or order to the mode prescribed by the

Code (§ 271), had also swept away the exceptions which, by the provisions of the Revised Statutes, were to be returned with the record from the common pleas (2 R. S., 423, § 78), and upon which the Supreme Court was authorized to give judgment and grant a new trial. (Id. § 80.) That such was the effect of the Code, was inferred merely from certain of its provisions. One was the provision which gave the County Courts authority to grant new trials, or affirm or reverse judgments in actions tried in those courts upon exceptions or case made subject to an appeal to the Supreme Court. (§ 30, sub. 13.) Another was the provision which gave, in an action brought by appeal from a Justice's Court, and retried in the County Court, the same power to the latter court over its own determinations and the verdict of the jury, as is possessed by the Supreme Court in actions pending therein. (§ 366, sub. 5, as amended in 1862.) Still another was the provision giving to the County Court, in the class of actions above mentioned, authority to entertain a motion for a new trial on a case and exceptions, or otherwise, before or after judgment. (Id., sub. 6.) Those provisions were regarded as implying that the County Court had exclusive original jurisdiction to entertain a motion for a new trial on exceptions, as well as to review the verdict of a jury, in an action tried in that court, and that the jurisdiction of the Supreme Court therein was purely appellate. (*Carter* v. *Werner*, 27 How. Pr. R., 385 ; *Simmons* v. *Sherman*, 30 id., 4; *Boughton* v. *Mitchell*, 29 id., 68, reporter's note; *Dahash* v. *Flanders, supra.*)

The provisions above referred to seem to have been changed materially by the Code of Civil Procedure. It is true that the jurisdiction of the County Court, in granting new trials, is quite as broad as formerly, that court having the same power and authority, in all respects, in an action or proceeding of which it has jurisdiction, which the Supreme Court possesses in a like case. (§ 348.) But several important changes in the practice relating to exceptions and motions for a new trial have been introduced by the new Code, which are applicable to County Courts and the Supreme Court alike. They are contained in the first title of chapter 10, entitled: "Trials generally; including exceptions and motions for a new trial." The provisions of that title are applicable to proceedings taken on or after the 1st day of September, 1877, in the Supreme Court, a

Superior City Court, the Marine Court of the City of New York, or a County Court. (L. 1876, chap. 449, known as the "temporary act;" § 5, subds. 7, 4, as amended by chap. 318 of Laws of 1877, called the "suspending act;" § 5, subd. 1.) Section 996 of the new Code provides that a ruling to which an exception is taken, as prescribed in the four sections immediately preceding it, can be reviewed only upon an appeal from the judgment, except in a case where it is expressly prescribed by law that a motion for a new trial may be made thereon. The rulings referred to are those of a court or referee, upon a question of law, arising upon the trial of an issue of fact (§ 992), including a refusal to find as requested upon a question of fact, or a finding without evidence to sustain it, upon the trial of an issue of fact by a referee, or by the court without a jury (§ 993), and generally any other ruling upon a question of law which is excepted to, including a charge to the jury. (§ 995.) And it is expressly prescribed that a trial by a referee can not be reviewed by a motion for a new trial, founded upon an allegation of error in a finding of fact, or ruling upon the law, except in a case where the report rendered upon the trial of an issue of fact directs an interlocutory judgment to be entered, and further proceedings must be taken before a final judgment can be entered. (§ 1002.) In such excepted case it is provided by section 1001 that a motion for a new trial, upon exceptions, may be made at the General Term, after the entry of the interlocutory judgment, and before the commencement of the hearing directed therein. The "General Term" intended by section 1001, when the action is in the County Court, is any term of that court, held pursuant to an appointment made as prescribed by law. ("Temporary act" *supra*, § 6, subd. 3.)

The present action, however, is not one provided for by section 1001. It falls within section 1002, and cannot be reviewed by a motion for a new trial in the County Court. If, then, the provisions of the new Code apply to the present motion, the decisions made under the former Code have no bearing on the question.

The appeal in this case was brought under the old Code, but at the time when the present motion was noticed the new Code had taken effect. At that time, consequently, a motion for a new trial in this action could not have been made in the County Court, and the only mode of reviewing the decision of the referee was by

appeal to this court. It would be an anomalous proceeding to grant a motion to dismiss an appeal for a lack of compliance with a rule of practice which had been abrogated by statute before the motion was noticed, and when the effect of granting the motion would be to leave the appellant remediless.

In view of the change wrought by the new Code as above pointed out, we think the proper course is to deny this motion without costs, to vacate the order heretofore made by us declining to hear the appeal, and to permit the parties to withdraw the papers submitted at the April term, and again submit or argue the cause on the appeal.

MULLIN, P. J., and TALCOTT, J., concurred.

Ordered accordingly.